| | |
|---|---|
| DISTRICT COURT, COUNTY OF EL PASO, COLORADO<br>Court Address:<br>270 S Tejon St, Colorado Springs, CO 80903 | DATE FILED: February 8, 2022 3:10 PM<br>FILING ID: E06BD9F39BE51<br>CASE NUMBER: 2022CV30223 |
| Plaintiff:  **Michael Drumright**<br><br>v.<br><br>Defendant:  **Secura Supreme Insurance Company and Secura Insurance Company** | ▲COURT USE ONLY▲ |
| Attorneys for Plaintiff:<br>Jimmy Vigil, #41007<br>Kimberly Alford Harter, #42947<br>100 E. St. Vrain Street. #200<br>Colorado Springs, CO 80903<br>Phone Number: (719) 632-4333<br>Fax Number:  *not designated*<br>E-Mail: jvigil@vandalaw.com; kharter@vandalaw.com | Case No. #<br><br>Division: |
| **COMPLAINT** | |

Plaintiff, Michael Drumright, by and through his attorneys, Vigil & Alford, PLLC, for his Complaint against the Defendant, states and alleges as follows:

### THE PARTIES AND VENUE

1. Plaintiff, Michael Drumright (hereinafter "Mr. Drumright"), is an individual and resident of the State of Colorado, County of El Paso.

2. Defendants, Secura Supreme Insurance Company and Secura Insurance Company, collectively referred to as "Secura"), are insurance companies authorized and licensed to do business in the State of Colorado and transacted business in El Paso County, Colorado.

3. Upon information and belief, Secura Defendants are foreign corporations having their principal place of business in Neenah, Wisconsin.

4. Jurisdiction is proper in this action pursuant to C.R.S. § 13-1-124 because the incident underlying this cause of action occurred within the State of Colorado.

5. Venue is proper in this action pursuant to C.R.C.P. 98 (c)(1) in that the Plaintiff resided in El Paso County, Secura Defendants transact business in El Paso County, and because venue is hereby designated as El Paso Cunty.

**GENERAL ALLEGATIONS**

6. Plaintiff incorporates all previous paragraphs and allegations as though fully set forth herein.

7. At all times relevant, Defendant, Secura, had the obligation to meet the requirements of the Unfair Claims Practices Act adopted in Colorado.

8. At all times relevant, Defendant, Secura, was obligated to follow the law codified at C.R.S. §10-2-115.

9. C.R.S. §10-2-115(1)(a) states in part: "A person engaged in the business of insurance shall not unreasonably delay or deny payment of a claim for benefits owed to or on behalf of any first-party claimant."

10. At all times relevant, Plaintiff Drumright was a first party claimant as contemplated by C.R.S. §10-2-115(1)(a).

11. At all times relevant, Defendant, Secura, was a person engaged in the business of insurance as contemplated by C.R.S. §10-2-115(1)(a).

12. At all times relevant, Defendant, Secura was not supposed to unreasonably delay or deny payment of a claim for benefits owed to any first party claimant.

13. On July 21, 2020 Plaintiff Drumright was employed by WN, LLC dba The Wirenut.

14. While within the course and scope of his employment, he was a permissive driver of a 2019 Ford Transit Connect van, Vehicle Identification Number 1FTYR1XGXKKA70457.

15. The 2019 Ford Transit Connect van, Vehicle Identification Number 1FTYR1XGXKKA70457, driven by Plaintiff Drumright was insured by Defendant, Secura, Policy Number 80-A-00327070730, with underinsured limits of $1,000,000.00 per accident.

16. On or about July 21, 2020, Plaintiff was hit by an uninsured/underinsured driver, Walter Black, who carelessly and negligently crashed into the driver's side door area of the vehicle that Plaintiff Drumright was driving.

17. Plaintiff Drumright submitted his claim to Secura in a timely manner.

2

18. A *Fisher* payment is a term of art in the insurance industry in Colorado.

19. The term *Fisher* payment arises from *State Farm v. Fisher*, 2018 CO 39.

20. In *Fisher*, the Supreme Court held an insurer cannot unreasonably delay or deny paying a covered benefit without a reasonable basis for doing so.

21. In *Fisher*, the Supreme Court held nothing in the statute requires or supports withholding payment of an undisputed covered benefits simply because other portions of an insured's UIM claim remain disputed.

22. On January 19, 2021 Plaintiff Drumright submitted a letter or representation notify Secura of an uninsured motorist claim.

23. Defendant Secura responded with a request for signed authorization the following day, January 20, 2021.

24. On January 25, 2021 signed authorizations were provided to Defendant Secura with a list of providers.

25. On April 29, 2021, an Uninsured Motorist Demand was presented to Defendant Secura with supporting documentation.

26. On June 4, 2021 a letter of representation was received from Defendant Secura's attorney with requests for authorizations.

27. Again, releases were signed and returned to Defendant Secura, this time to its attorney on June 7, 2021.

28. Additional releases were sent to Plaintiff Drumright from Secura the following day, June 8, 2021.

29. Secura made an initial *Fisher* payment of $22,359.84 on June 9, 2021.

30. The additional releases were sent back to Secura on June 22, 2021.

31. On August 10, 2021 an email inquiry was submitted to Defendant Secura's attorney requesting status of the claim wherein the response was deferred to the paralegal.

32. On August 24, 2021, Defendant responds that their multiple requests were still outstanding.

33. On August 24, 2021 Plaintiff's counsel inquired as to whether or not any additional information was needed from them.

34. On September 17, 2021, the Divisional Independent Medical Examination was presented to Defendant.

35. On October 12, 2021 Plaintiff's counsel inquired as to the status of the claim and was informed by Defendant's counsel that they were "working diligently to obtain the remaining records…" and that Secura was reserving its rights to do a medical examination under oath (EUO).

36. Plaintiff's counsel responded on October 12, 2021 that if Secura intended to take an EUO and perform a medical examination, to please notify them as soon as possible.

37. The following day, October 13, 2021 counsel for Secura requests an EUO and it was scheduled that same date for November 4, 2021.

38. The EUO was rescheduled twice but occurred on December 7, 2021.

39. On November 15, 2021 an IME was requested, and was scheduled this same day.

40. The IME was completed on December 23, 2021.

41. Secura made a supplemental *Fisher* payment of $365,820.77 on January 26, 2022.

42. On January 25, 2022 counsel for Secura submitted a letter to counsel for the Plaintiff which stated, that it would offer an additional $365, 820.77 and stated:

> "With its payment, counsel for Secura has reviewed all of the currently provided information, as well as the report of Stephen Shogan, M.D. Despite Dr. Shogan's opinions, Secura continues to dispute the cause, extent and relatedness of Mr. Drumright's claimed injuries and damages due to the minimal vehicle damage to Mr. Drumright's vehicle sustained in the accident, as well as additional doctor's reports in the worker's compensation claim file that the claimed injuries and damages are not related to the July 21, 2020 accident.

4

43. Secura thereby has admitted that it is going against the report of its own IME doctors, along with the DIME doctor, because of property damage and the opinions of prior work comp doctors (which were overridden by the DIME).

44. Defendant Secura has not submitted evidence from a biomechanical engineer or any other type of expert that may be qualified to address the connection between the property damage and Plaintiff's claimed injured.

45. Defendant Secura has not stated which medical expert it is relying upon to contact its owner IME doctor, nor that experts' qualifications or whether they are even qualified to make such a determination.

46. On the dates of both *Fisher* payments, Secura did not believe Plaintiff Drumright failed to cooperate with Secura Auto as required by the insurance contract.

47. On the dates of both *Fisher* payments, Secura did not believe Plaintiff Drumright failed to comply with any terms of the insurance contract.

48. Secura did not request any additional information for its evaluation after the January 26, 2022 *Fisher* payment.

49. If an insured is dissatisfied with how an insurance company has handled a claim, the insured's only option is to sue the insurance company.

50. Filing suit can dilute benefits under an uninsured/underinsured insurance policy.

51. Secura has failed to make a reasonable offer to Plaintiff Drumright for his uninsured motorist benefits.

52. Secura was supposed to advise Mr. Drumright of any action that Secura believed might be a breach of the insurance policy.

53. The requirement that an insurance company must advise its insured of any action that might breach the insurance policy exists to give the insured the opportunity to fix anything the insurance company believes the person is doing wrong.

54. The way an insurance company gives notice to its insured about a potential breach of the insurance policy is through a reservation of rights letter.

55. A reservation of rights letter usually serves as a notice that an insurance company has reserved its right to deny coverage later based on the terms of the insurance policy.

56. Failure of an insured to cooperate with an insurance company can be a breach of an insurance policy.

57. An insurance company is supposed to give an insured the opportunity to fix any potential breach of the insurance policy.

58. Secura was supposed to give Plaintiff Drumright the opportunity to fix any potential breach of the insurance policy.

59. If Secura believed Plaintiff Drumright had done something to potentially breach the insurance policy, Secura was supposed to send a reservation of rights letter to Plaintiff Drumright.

60. Before Plaintiff Drumright sued Secura, Secura did not claim Plaintiff Drumright had failed to cooperate with Secura.

61. Before Plaintiff Drumright sued Secura, Secura did not send a reservation of rights letter to Plaintiff Drumright.

62. Before Plaintiff Drumright sued Secura, Secura never told Plaintiff Drumright of any perceived failure to cooperate.

63. Before Plaintiff Drumright sued Secura, Secura never told Plaintiff Drumright of any actual failure to cooperate.

64. Before Plaintiff Drumright sued Secura, Secura never gave Plaintiff Drumright an opportunity to cure any perceived failure to cooperate.

65. Before Plaintiff Drumright sued Secura, Secura never gave Plaintiff Drumright an opportunity to cure any actual failure to cooperate.

66. Secura has policies, procedures and claim handling guidelines it's agents and employees must follow.

67. Before Plaintiff Drumright sued Secura, Secura, acting through its agents and employees, did not have a good faith belief Plaintiff Drumright failed to cooperate with Secura.

Appendix A-3

68. Before Plaintiff Drumright sued Secura, Secura, acting through its agents and employees, did not document a concern that Plaintiff Drumright had failed to cooperate with Secura.

### FIRST CLAIM FOR RELIEF AGAINST DEFENDANTS SECURA
### (FIRST PARY STATUTORY CLAIM
### UNDER C.R.S. §10-3-115 and § 10-3-1116- UNLAWFUL DELAY AND REFUSAL TO PAY UNINSURED MOTORIST BENEFITS)

69. Plaintiff incorporates all prior allegations as though fully set forth herein.

70. C.R.S. §10-3-1115 states a person or entity engaged in the business of insurance shall not unreasonably delay or deny payment for a claim for benefits owed to any first party claimant.

71. Defendant Secura has denied and delayed payment of uninsured motorist benefits to Plaintiff Drumright without a reasonable basis for its action.

72. Defendant Secura's unreasonable position and conduct has caused Plaintiff Drumright damage by the loss of the compensation that is due to him.

53. In accordance with C.R.S. §10-3-1116, Plaintiff Drumright is entitled to recover from Defendant Secura two times the covered under-insured motorist benefits plus reasonable attorney's fees and court costs.

### SECOND CLAIM FOR RELIEF
### (BAD FAITH – Defendants Secura)

54. Plaintiff incorporates all prior allegations as though fully set forth herein.

55. Defendant Secura owed Plaintiff Drumright a duty to act in good faith in reviewing, adjusting and settling his claims.

56. Defendant Secura breached its duties to its insured, and acted in bad faith, through its conduct as described above and by engaging in the following, among other acts:

    (a) Compelling this Plaintiff Drumright to institute litigation to recover amounts due to him under the uninsured motorist bodily injury liability benefits afforded Plaintiff Drumright under the insurance policy;
    (b) Compelling this Plaintiff Drumright to institute litigation to obtain information Secura relied upon for its evaluation of Plaintiff Drumright's claim;

  (c) Favoring the interests of Secura, an insurer, over those of Plaintiff Drumright, an insured, to whom Defendant Secura owes fiduciary and statutory duties;
  (d) Failing or delaying payment of reasonable compensation for the injuries, damages, and losses Plaintiff Drumright suffered at the hands of an under-insured motorist; and
  (e) Incompetently evaluating Plaintiff Drumright's claim

57. Defendant Secura's actions were unreasonable.

58. Defendant Secura knew its conduct was unreasonable and/or disregarded the fact that its conduct was unreasonable.

59. As a direct result of Defendant Secura's breaches of its duties to its insured, Plaintiff Drumright has been damaged including, but not necessarily limited to:

    a. Being forced to incur additional costs in litigation;
    b. Enduring the emotional trauma of being unnecessarily involved in a lawsuit with defendant; and
    c. Being deprived of the use of funds that Secura should have paid him.

### THIRD CLAIM FOR RELIEF
**(Breach of Contract Claim against Defendants Secura)**

60. Plaintiff incorporates all prior allegations as though fully set forth herein.

61. Plaintiff Drumright was a permissive user and intended beneficiary under the contract of insurance with Defendant Secura, which policy includes coverage for claims involving uninsured motorists and medical payments.

62. Defendant Secura had a duty to perform in a manner set forth in the policy.

63. Defendant Secura breached its duty to perform under the policy as more fully described above.

64. At all times pertinent to the within action, all the premiums as required under the contract for insurance were timely paid to Defendant Secura.

65. Plaintiff Drumright has fulfilled all of his obligations under the policy issued by Secura.

66. Plaintiff Drumright has fully cooperated with Defendant Secura with regard to his claim for benefits.

67. Plaintiff Drumright advised Defendant Secura of a claim for uninsured motorist benefits for this incident under its policy of insurance, and otherwise fully cooperated

      with Defendant Secura Insurance in connection with the claim.

68. Plaintiff Drumright is an intended beneficiary of Defendant Secura's insurance policy/contract and is therefore entitled to enforce its terms.

69. As the holder of an uninsured motorist insurance policy, Plaintiff Drumright is entitled to be compensated by Defendant Secura for all damages he has incurred and will incur in excess of the underlying limits as a result of the collision, including past, present, and future medical expenses, pain, suffering, loss of enjoyment of life, loss of earnings and earning capacity, permanency and/or impairment, scarring, and disability, under the underinsured motorist coverage of the policy.

70. As a direct result of Defendant Secura's breaches of its duties to its insured, Plaintiff Drumright has been damaged including, but not necessarily limited to:

    a. Being forced to incur additional costs in litigation; and,

    b. Enduring the emotional trauma of being unnecessarily involved in a lawsuit with Defendant Secura; and,

    c. Enduring prolonged bodily pain and physical impairment due to Defendant unreasonably and or knowingly delaying and denying payments of benefits owed.

WHEREFORE, Plaintiff respectfully requests that this Court enter judgment against SECURA defendants as follows:

(a) Payment of the UM Benefits due under the subject Policy of insurance issued by Secura;

(b) Two times the UM benefits due under the subject Policy of insurance issued by Secura for its unreasonable delay and/or denial of Covered Benefits as provide by C.R.S. §10-3-1116;

(c) Reasonable costs and attorneys' fees insured because of Secura's unreasonable delay and denial of covered UIM benefits as provided by C.R.S. §§10-3-1115 & 10-3-1116;

(d) Damages for Secura's breach of contract;

(e) Damages for Secura's bad faith breach of contract;

(f) And costs, expert witness fees, interest as provided by law, and such other and further relief as the Court deems appropriate.

Respectfully, submitted on this 8th day of February, 2022

By: **VIGIL & ALFORD, PLLC**
*/s/ Jimmy Vigil*
Jimmy Vigil, #41007
ATTORNEYS FOR PLAINTIFF

**Plaintiff's Address:**
c/o Vigil & Alford, PLLC
100 E. St. Vrain Street. #200
Colorado Springs, CO 80903

10

Appendix A-3